UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN DUNCAN,

       Plaintiff,                              Case No. 14-cv-14001
                                               Hon. Matthew F. Leitman

v.

REPWEST INSURANCE COMPANY, et al.,

       Defendants.

_____/

## ORDER GRANTING DEFENDANT U-HAUL COMPANY OF ARIZONA'S MOTION FOR SUMMARY JUDGMENT (ECF #23)

       This is an insurance coverage dispute. On or about June 15, 2014, Plaintiff Ryan Duncan ("Duncan") rented a truck (the "Truck") from U-Haul Moving & Storage in Taylor, Michigan. (*See* the "Rental Agreement," ECF #23-2.) The Truck was owned by Defendant U-Haul Company of Arizona ("U-Haul") and was registered in Arizona. (*See* Affidavit for Jason Turcotte, ECF #23-4 at ¶2.) Duncan rented the Truck in order to travel to Florida. (*See* Rental Agreement at 1. *See also* the "Response," ECF #25.) Duncan alleges that he sustained injuries in an accident on June 18, 2014, while driving the Truck in Tennessee. (*See* the Amended Complaint, ECF #12 at ¶11.)

1

In this action, Duncan seeks insurance benefits from U-Haul under the Michigan No-Fault Automobile Insurance Act (the "No-Fault Act"), M.C.L. § 500.3101, *et seq*. (*See id.* at ¶¶6-18.) U-Haul has now moved for summary judgment on the ground that the Truck is not subject to the No-Fault Act. (*See* the "Motion," ECF #23.) The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2). For the reasons explained below, the Court **GRANTS** U-Haul's Motion.

A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact...." *U.S. SEC v. Sierra Brokerage Services, Inc.,* 712 F.3d 321, 326–27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986)) (quotations omitted). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson,* 477 U.S. at 252. However, summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-252. When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.*

The No-Fault Act provides that the owner of a motor vehicle registered in Michigan must maintain personal protection insurance coverage for the vehicle.

2

*See* M.C.L. § 500.3101(1).  The No-Fault Act does *not* require the owner of a vehicle not registered in Michigan to maintain insurance coverage unless the vehicle is "operated in [Michigan] for an aggregate of more than 30 days in any calendar year."  M.C.L. § 500.3102(1).  U-Haul has presented evidence that the Truck (1) was not registered in Michigan, and (2) was not operated in Michigan for an aggregate of more than 30 days in 2014, the year of Duncan's accident.  (*See* Turcotte Aff. at ¶¶2-4.  *See also* Rental Transaction History, ECF #23-5.) Accordingly, U-Haul argues that the No-Fault Act does not apply to the Truck.

In response to U-Haul's Motion, Duncan candidly admits that U-Haul was not required to maintain insurance coverage on the Truck pursuant to the No-Fault Act because the Truck "was not in Michigan for the 30 days within 2014 as required by M.C.L. § 500.3102."  (Resp. at 4.)  Nonetheless, Duncan opposes the Motion because, in his view, U-Haul "is attempting to avoid liability for payment of Michigan No-Fault benefits" by renting out-of-state vehicles in Michigan for fewer than 30 days per year.  (Resp. at 1, 3-4.)  Accordingly, Duncan urges the Court to deny U-Haul's Motion "in the interest of public policy."  (Resp. at 2.)

This Court lacks authority to ignore the clear legislative mandate of the No-Fault Act.  *See, e.g.*, *Kelly Services v. Eidnes*, 530 F.Supp.2d 940, 952 (E.D. Mich. 2008) (court "cannot ignore the law").  As Duncan has properly conceded, the No-Fault Act did not require U-Haul to maintain no-fault insurance coverage on the

3

Truck.   Accordingly, the No-Fault Act does not provide a basis for Duncan's requested relief against U-Haul.  The Court "cannot rewrite the statute to be what it is not."  *Nat'l Fed'n of Indep. Bus. V. Sebelius*, 132 S. Ct. 2566, 2651 (2012) (Scalia, J., dissenting).  Accordingly, **IT IS HEREBY ORDERED** that U-Haul's Motion for Summary Judgment (ECF #24) is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

4