UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN DUNCAN,

    Plaintiff,                                   Case No. 14-cv-14001
                                              Hon. Matthew F. Leitman

v.

REPWEST INSURANCE
COMPANY, et al.,

    Defendants.

_____/

**ORDER DENYING DEFENDANT GEICO GENERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT (ECF #22) AND GRANTING GEICO LEAVE TO FILE A SECOND SUMMARY JUDGMENT MOTION**

In this action, Plaintiff Ryan Duncan ("Duncan") alleges that he was involved in a car accident on June 18, 2014, and that Defendant Geico General Insurance Company ("Geico") has wrongfully failed to pay No-Fault insurance benefits owed to him as a result of the accident. Geico has moved for summary judgment on the ground that Duncan canceled his Geico No-Fault auto insurance policy (the "Policy") before the date of his accident. (*See* the "Motion," ECF #22.) For all of the reasons stated below, the Court **DENIES** Geico's Motion, but it will permit Geico to file a second, properly-supported summary judgment motion.

1

Under Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure, Geico "must support" its assertion that Duncan canceled the Policy before his accident by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Geico attempts to satisfy this obligation by submitting documents that, it claims, prove that Duncan canceled the Policy before June 18, 2014. (*See, e.g.*, ECF #22 at Exs. A-C, Pg. ID 101-108.) But the materials attached to Geico's motion do not sufficiently reveal the cancellation date of the Policy. The key internal documents Geico relies upon – which appear to be computer printouts from a Geico computer program of some kind – do not plainly state that the Policy was, in fact, canceled prior to June 18, 2014. Indeed, the meaning of the documents is hardly self-evident. Under these circumstances, Geico should have, but did not, include with its motion an affidavit from a Geico employee authenticating the documents, explaining what the documents are, and describing when they were prepared, how and by whom they were prepared, and how to interpret them.[1] Simply put, Geico did not carry its initial burden to

---

[1] The Court recognizes that a party moving for summary judgment need not always file an affidavit in support of such a motion. *See Celotex Corporation v. Catrett*, 477 U.S. 317 (1986). However, under the circumstances that exist here, where the documentary evidence that Geico submitted in support of its motion is so unclear

demonstrate the absence of a material factual dispute as to when Duncan canceled the Policy. Having failed to carry that burden, Geico is not entitled to summary judgment at this time.

The Court, however, will give Geico an opportunity to file a second, properly-supported motion for summary judgment. The second motion should address the deficiencies identified above. Also, it would be extremely helpful to Geico's position to include with its second motion, if possible, an affidavit stating that, in fact, it canceled Duncan's policy at Duncan's request before June 18, 2014.

While the burden of production never shifted to Duncan, the Court notes that Duncan's responsive papers were just as deficient as Geico's moving papers. (*See* ECF #24.) Like Geico, Duncan attached documents that were not authenticated and not self-explanatory, and he did not include a supporting affidavit. Duncan's counsel promised that Duncan "will testify" that Duncan did not cancel the Policy prior to his accident, but Duncan did not so state in an affidavit or declaration. Likewise, Duncan attached a screenshot that purports to be from Geico's website showing that the Policy was not cancelled until July 10, 2014 (a month after the accident), but the screenshot does not identify the particular Geico policy that was cancelled, and it is not authenticated in any way. (*See* ECF #24-2, Pg. ID 156.) If

---

and not at all self-explanatory, and where it is not otherwise evident that Geico is entitled to summary judgment, an affidavit was necessary.

Geico files a properly-supported second motion for summary judgment, Duncan should take care to file a properly-supported response.

Accordingly, **IT IS HEREBY ORDERED** that Geico's Motion for Summary Judgment (ECF #22) is **DENIED** and that Geico may file a second motion for summary judgment by no later than March 9, 2015, if it so chooses.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 24, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 24, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113